UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
KWIK TICKET INC., by its 50% owner
FLORENCE SHAMAH

               Plaintiff,          **MEMORANDUM AND ORDER**
                                                    Case No. 20-cv-01201 (FB)
    -against-

LARRY SPIEWAK, et al.,

               Defendants.
---------------------------------------------------x

Appearances:

*For the Plaintiff*:
JOSEPH LEE MATALON
Matalon PLLC
450 Seventh Avenue
New York, NY 10123

*For Defendants Larry Spiewak &*
*Mindy Spiewak*:
JOSEPH J. TUSO
SAMUEL KADOSH
Reed Smith LLP
1717 Arch Street
Philadelphia, PA 19103

*For Defendant Malkah Jacobovits*:
DANIEL ETHAN HIRSCHEL
Hirschel Law Firm, PC
71 South Central Avenue
Valley Stream, NY 11580

*For Defendant Joel Boikess*:
BETTY LUGO
CARMEN ANGELICA PACHECO
Patcheco and Lugo, PLLC
340 Atlantic Avenue
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Florence Shamah ("Plaintiff") is a 50% shareholder of Kwik Ticket, Inc. ("Kwik Ticket") and the shareholder-plaintiff in a derivative suit pressing RICO and common-law fraud claims against Kwik Ticket's President, Larry Spiewak; office manager, Malkah Jacobovits; and outside accountant, Joel Boikess; as well as one

1

individual not employed by Kwik Ticket, Mindy Spiewak, the wife of Larry Spiewak (together, "Defendants"). Plaintiff moves for a preliminary injunction and temporary restraining order ("TRO") enjoining Defendants (i) from "making and implementing decisions" on behalf of Kwik Ticket—including issuing payments above $50 dollars—without the consent of herself or her attorney-in-fact (and son) Issac Shamah, and (ii) from "failing to permit" Plaintiff "or any designee" from accessing Kwik Ticket's financial records, bank accounts, payroll accounts, and credit cards. For the following reasons, Plaintiff's motion is denied.

* * *

"Preliminary injunctive relief is appropriate when a plaintiff establishes (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly in [plaintiff's] favor." *Wisdom Imp. Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 108 (2d Cir. 2003). If an injunction "disrupt[s] the status quo, a party seeking one must meet a heightened legal standard" in the second prong "by showing a clear or substantial likelihood of success on the merits." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). Although the parties contest whether Plaintiff's motion "disrupts" or

"continues" the status quo, we need not decide that issue as her motion fails to establish the first prong—irreparable harm.

"Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *Bell & Howell: Mamiya Co. v. Masel Supply Co. Corp.*, 719 F.2d 42, 45 (2d Cir. 1983). To establish irreparable harm, a movant "must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (internal quotation omitted).

Plaintiff argues that without a TRO she will be irreparably harmed by the loss of "her rightful voice in management" and concomitant ability to "protect [against] the theft and misconduct" that Defendants allegedly perpetrated. But whatever "theft" of Kwik Ticket's assets occurred, if any, the ensuing harm to Plaintiff is redressable through an award of money damages at the end of trial. *See A.X.M.S. Corp. v. Friedman*, 948 F. Supp. 2d 319, 337 (S.D.N.Y. 2013) (claims for "breaches fiduciary duty [and] waste of company assets . . . are classic money damages lawsuits"). "[I]t is settled law that when an injury is compensable through money damages there is no irreparable harm." *JSG Trading Corp. v. Tray–Wrap, Inc.,* 917 F.2d 75, 78–79 (2d Cir.1990); *see also Register.com, Inc. v. Verio, Inc.*, 356 F.3d

3

393, 427 (2d Cir. 2004) ("Where money damages are adequate compensation a preliminary injunction should not issue." (internal quote omitted)).[1]

Also, while Plaintiff states that the "essence" of her TRO application is the "restoration of the [2019] corporate resolution,"[2] that resolution expired by its own terms in October 2019, five months before Plaintiff sought injunctive relief. If Plaintiff sought to prevent some injury that followed from the expiration of the 2019 resolution, she fails to adequately explain why she waited nearly half a year *after* the resolution expired to do so. *See Gidatex, S.r.L. v. Campaniello Imports, Ltd.,* 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998) ("Courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months."). Notably, Plaintiff brought this suit (and moved for injunctive relief) only after Kwik Ticket filed its own complaint in New York state court and successfully moved for TRO

---

[1] Plaintiff argues, in the alternative, that injunctive relief should issue as "there is no evidence in the record that a money judgment [at the conclusion of a trial] *can* be satisfied." Shamah Reply Mem. at 3 (emphasis added). But the "argument . . . that [an opponent] is not or may not be in a position to pay . . . demonstrates only a remote and speculative possibility of future harm rather than the imminent likelihood of injury." *JSG Trading Corp.*, 917 F.2d at 80; *see also Rosewood Apartments Corp. v. Perpignano*, 200 F. Supp. 2d 269, 278 (S.D.N.Y. 2002) ("[M]erely alleging an opponent's inability to pay damages does not constitute irreparable harm.").

[2] The 2019 corporate resolution provided that (i) all payments by Kwik Ticket above $50 required written consent from all shareholders; (ii) Kwik Ticket could not issue checks payable to cash; and (iii) all shareholders "shall have full" access to Kwik Ticket books and records. It also provided that the Shamahs could use office space at Kwik Ticket.

against Plaintiff's son and attorney-in-fact, Issac Shamah.³ That Plaintiff failed to seek injunctive relief until after she received an unfavorable decision in state court further "undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." *Tough Traveler, Ltd. v. Outbound Prod.*, 60 F.3d 964, 968 (2d Cir. 1995).

\* \* \*

The Court finds that Plaintiff failed to establish irreparable harm—"the single most important prerequisite for the issuance of a preliminary injunction," *Masel Supply Co. Corp.*, 719 F.2d at 45—and so denies Plaintiff's motion.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 2, 2020

---

³ Moreover, were this Court to grant Plaintiff's motion, it would confer rights on Issac Shamah that the state court's TRO order enjoined; thus Plaintiff's motion is further barred by the Anti-Injunction Act, 28 U.S.C. § 2283—which bars federal courts from enjoining a state-court proceeding or its litigants, *see Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 287 (1970) ("It is settled that the prohibition of 28 USC § 2283 cannot be evaded by addressing the order to the parties."))—and the *Rooker-Feldman* Doctrine, which precludes federal courts other than the Supreme Court from "review[ing] and rejecting" state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

5