UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
KWIK TICKET INC., by its 50% owner
FLORENCE SHAMAH

                    Plaintiff,

           -against-

LARRY SPIEWAK, et al.,

                  Defendants.

------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 20-cv-01201 (FB) (SJB)

<u>Appearances</u>:

| *For the Plaintiff*: | *For Defendants Larry & Mindy Spiewak*: |
|---|---|
| Joseph Lee Matalon | Joseph J. Tuso, Samuel Kadosh |
| Matalon PLLC | Reed Smith LLP |
| 450 Seventh Avenue | 1717 Arch Street |
| New York, NY 10123 | Philadelphia, PA 19103 |
| | |
| *For Defendant Malkah Jacobovits*: | *For Defendant Joel Boikess*: |
| Daniel Ethan Hirschel | Betty Lugo, Carmen Angelica Pacheco |
| Hirschel Law Firm, PC | Patcheco and Lugo, PLLC |
| 71 South Central Avenue | 340 Atlantic Avenue |
| Valley Stream, NY 11580 | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

      Defendants seek (i) a preliminary injunction staying this litigation until the Court can rule on Defendants forthcoming motion to compel arbitration, and (ii) a stay of Magistrate Judge Bulsara's June 5 Order requiring the parties to participate in a settlement conference and produce certain discovery to "evaluat[e] the possibility of settlement."  ECF 55, 66.  For the following reasons, the Court denies Defendants' requested relief.

1

I.

"Preliminary injunctive relief is appropriate when a plaintiff establishes (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly in [plaintiff's] favor." *Wisdom Imp. Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 108 (2d Cir. 2003).

II.

Defendants have not shown that participation in "Phase 1 Discovery"[1] will cause them irreparable harm, nor have they shown a likelihood of success on any forthcoming motion to compel arbitration.

First, Defendants do not cite a single case that found participation in limited, pre-trial discovery "directed towards evaluating the possibility of settlement" constituted irreparable harm.  Moreover, the records Defendants would produce during Phase 1 Discovery consist of corporate documents to which Plaintiff is already entitled as a 50% shareholder of Kwik Ticket Inc.  To the extent Defendants have specific objections to specific document requests, a motion seeking to stay *all* discovery subject to the June 5 Order is not the appropriate vehicle for raising those

---

[1] "[I]n Phase 1 discovery the parties may serve a single set of document requests for documents directed towards evaluating the possibility of settlement." June 5 Order.

concerns. Absent a showing of irreparable harm, Defendants' motion fails. *Bell & Howell: Mamiya Co. v. Masel Supply Co. Corp.*, 719 F.2d 42, 45 (2d Cir. 1983) ("Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.").

Second, as to a likelihood of success on the merits, the arbitration agreement does not cover all Defendants—including Mindy Spiewak and Malkah Jacobovits.[2] Thus, even if *some* Defendants might successfully compel arbitration of *some* claims, not all Defendants would be sent to arbitration. It is therefore inappropriate to stay all discovery ordered by Magistrate Judge Bulsara.

Finally, the mere existence of a motion to compel arbitration is an insufficient basis to stay discovery, much less the entire litigation. *Cf. Mirra v. Jordan*, 2016

---

[2] We apply the "likelihood of success" standard—rather than the "substantial possibility" standard, *see Hayes v. Human Res. Admin. of City of New York*, 648 F.2d 110 (2d Cir. 1981) (requiring a "substantial possibility" of success to stay district court order during pendency of appeal)—because we deny Defendants motion to reverse Magistrate Judge Bulsara's June 5 Minute Order, ECF 48. A "magistrate judge's order on a non-dispositive pretrial matter" may be reversed only "where the magistrate judge abused his or her discretion." *Martal Cosmetics, Ltd. v. Int'l Beauty Exch. Inc.*, 2007 WL 895697, at *4 (E.D.N.Y. Mar. 22, 2007). The June 5 Minute Order was not an abuse of discretion; there is no genuine dispute that district courts have authority to compel parties to participate in a settlement conference, *see* Fed .R. Civ. P. 16, *Chen v. Marvel Food Servs., LLC*, 2016 WL 6872626 (E.D.N.Y. 2016), nor that district courts have discretion to compel discovery even during the pendency of a dismissal motion, *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183 (S.D.N.Y. 2020).

WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.") (internal citation omitted); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020) ("Courts do not routinely stay discovery simply on the basis that a motion to dismiss has been filed.") (internal citation omitted).

III.

The Court denies Defendants' motions to stay this proceeding and to stay discovery as-ordered by Magistrate Judge Bulsara's June 5 Order. ECFs 55, 66. We also deny Defendants appeal of the same June 5 Order, ECF 48.

**SO ORDERED**.

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 23, 2020

4