UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KWIK TICKET INC., by its 50% owner
FLORENCE SHAMAH,,

               Plaintiffs,

-against-

LARRY SPIEWAK, MINDY SPIEWAK,
MALKAH JACOBOVITS and JOEL BOIKESS,
               Defendants.

Case No. 20-cv-01201 (FB) (SJB)

## MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANT'S JOEL BOIKESS MOTION
### TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT



PACHECO
LUGO PLLC
ATTORNEYS AT LAW

340 Atlantic Avenue
Brooklyn, New York 11201
(718) 855-3000

# TABLE OF CONTENTS

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S JOEL BOIKESS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT**

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ...................................................................................... 2-3

ARGUMENT................................................................................................................ 3

POINT I.     Plaintiff Fails to State a RICO Claim Under 18 U.S.C. Section 1962(c)

    A.  Plaintiff Cannot Allege That The Outside Accountant Participated In The Operation Or Management Of A RICO Enterprise     5

    B.  Plaintiff Fails To Allege Any RICO Predicate Acts     7

    C.  Plaintiff Fails To Allege A Pattern Of Racketeering Activity     9

    D.  Plaintiff Fails To Allege A RICO Enterprise     11

    E.  The Section 1962(d) RICO Conspiracy Claim Must Also Be Dismissed As Against the Boikess, the Outside Accountant     12

    F.  Plaintiff Fails to State a Claim for Breach of Fiduciary Duty and Preliminary and Permanent Injunction Because There is No Irreparable Harm     12

CONCLUSION........................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994) ............................................................ 6

*Block v. Razorfish, Inc.*, 121 F. Supp. 2d 401, 403 (S.D.N.Y. 2000) ………………………. 13

*Boyle v. United States*, —— U.S. ——, 129 S. Ct. 2237, 173 L. Ed. 2d 1265 (2009) ................. U.S. ——, 129 S. Ct. 2237, 173 L. Ed. 2d 11

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229 (2d Cir 1999) ........................ 9, 10

*Department of Economic Development v Arthur Andersen & Co.*, 924 F. Supp. 449 (S.D.N.Y. 1996) ...................................................... 6

*Dempsey v. Sanders*, 132 F. Supp. 2d 222 (S.D.N.Y. 2001) ...................................................... 10

*Elsevier, Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 307-08 (S.D.N.Y. 2010)…………………… 6, 12

*FD Property Holding, Inc. v. US Traffic Corp.*, 206 F. Supp. 2d 362 (E.D.N.Y. 2002) .. 10

*Ferri v. Berkowitz*, 678 F. Supp. 2d 66 (E.D.N.Y. 2009) ...................................................... 10

*First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004) . 7

*Fund of Funds, Ltd. v. Arthur Anderson & Co.*, 545 F. Supp. 1314, 1356 (S.D.N.Y. 1982)……… 13

*Goldberg v. Lynch*, Case No. 97 Civ. 8779 (RPP), 1998 WL 321446 at 3 (S.D.N.Y. June 18, 1998)... 12

*Gross v. Waywell*, 628 F. Supp. 2d 475, 487 (S.D.N.Y. 2009)………………………… 9, 10

| | |
|---|---|
| *Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*, 955 F. Supp. 248 (S.D.N.Y. 1997) | 4, 6 |
| *In re Scottish Re Group Sec. Litig.*, 524 F. Supp. 2d 370 (S.D.N.Y. 2007) ............................. | 8 |
| *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 465-66 (S.D.N.Y. 2009)………………… | 12 |
| *Moore v. PaineWebber*, 189 F.3d 165, 172-73 (2d Cir. 1999)…………………………….. | 4 |
| *Moss v. BMO Harris Bank, N.A.* 258 F. Supp. 3d 289, 297 (E.D.N.Y. 2017)………………… | 3, 4 |
| *Moss v. Morgan Stanley, Inc.*, 719 F. 2d S. 17 (2d Cir. 1983), cert. den., 465 U.S. 1025 (1984)…… | 4 |
| *Northeast Gen. Corp. v. Wellington Adver.* 82 N.Y.2d 158, 163, 604 N.Y.S.2d 1, 4, 624 N.E.2d 129 (1993) ………………………… | 11, 13 |
| *Penguin Bros. v. City Nat'l Bank*, 587 Fed Appx. 663 (2d Cir. 2014) ………………….. | 5 |
| *Reves v. Ernst & Young*, 507 U.S. 170, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993) .................... | 4, 5, 6 |
| *Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 289 (S.D.N.Y. 1995)….. | 11 |
| *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178 (2d Cir 2008) ................................ | 9 |
| *Structural Maintenance & Contracting Co., Inc. v. Jayce Enterprises, Inc.*, Case No. 09 Civ. 8187 (BSJ), 2010 WL 4159517 (S.D.N.Y. Oct. 12, 2010) ....................................... | 11, 12 |
| *The Jordan (Bermuda) Investment Company v. Hunter Green Investments Ltd.*, 154 F. Supp. 2d 682 (S.D.N.Y. 2001) ............................ | 7 |


*United States v. Turkette*, 452 U.S. 576 (1980) ... 4

*VTech Holdings Ltd. v. Pricewaterhouse Coopers LLP*, 348 F. Supp. 2d 255 (S.D.N.Y. 2004) ............................................................ 11, 13

**Statutes**

18 U.S.C. § 1343 ................................................. 7

18 U.S.C. § 1952 ................................................. 7

18 U.S.C. § 1952(b) ............................................ 7

18 U.S.C. § 1956 ................................................. 7

18 U.S.C. § 1956(c)(7) ....................................... 8

18 U.S.C. § 1961(1) ............................................ 7

18 U.S.C. §§ 1962(c) and (d) ............................ 2, 3, 4, 5, 6, 11, 12

28 U.S.C. § 1367(c) ............................................ 11

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................. 7

Fed. R. Civ. P. 12(b)(6) ...................................... 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KWIK TICKET INC., by its 50% owner FLORENCE SHAMAH,,<br><br>Plaintiffs,<br><br>-against-<br><br>LARRY SPIEWAK, MINDY SPIEWAK, MALKAH JACOBOVITS and JOEL BOIKESS,<br><br>Defendants. | Case No. 20-cv-01201 (FB) (SJB) |

## MEMORANDUM OF LAW IN SUPPORT

## OF DEFENDANT JOEL BOIKESS MOTION TO DISMISS

### PRELIMINARY STATEMENT

Defendant, Joel Boikess ("Outside Accountant") respectfully submits this memorandum in support of his motion to dismiss with prejudice the claims asserted against him in plaintiff's Complaint and in the Amended Complaint, dated June 11, 2021("Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

It is respectfully requested that this Court grant defendant Boikess, outside Accountant motion to dismiss plaintiff's RICO claims and several of plaintiff's claims. Plaintiff's RICO claims should be dismissed because this case is not about a large, interstate civil conspiracy but is instead based on allegations of "garden variety" fraud.

Plaintiff's claims for breach of fiduciary duty, conversion and for a preliminary and permanent injunction should also be dismissed. The breach of fiduciary duty claim should be dismissed as routine tax and accounting engagements do not give rise to a fiduciary duty on the part of the accountant. The conversion claim is not applicable to this case because conversion requires the plaintiff to have a possessory right in the contested "property," but an ownership share

1

in a company is not "property" for a conversion claim. Moreover, the claim for a preliminary and permanent injunction fails because this Court has already ruled that Plaintiff is unable to show irreparable harm.

## STATEMENT OF FACTS ALLEGED IN THE COMPLAINT

This is a shareholder's derivative action brought by plaintiff Florence Shamah as 50% owner of Kwik Ticket, Inc. brought by her son and purported attorney-in-fact, Isaac Shamah principally against the Spiewak defendants and its outside accountant, Joel Boikess.

At all times relevant to the claims brought by the plaintiff, Mr. Joel Boikess, Accountant was the outside certified public accountant for the company Kwik Ticket, Inc. (the "Company") that is the subject of this action.

In its Amended complaint filed on June 11, 2021, plaintiff alleges fourteen causes of action, six of which include Boikess, Outside Accountant and one claim for RICO violations. Plaintiff alleges that the Spiewak defendants, in concert with Kwik Ticket's bookkeeper and outside accountant, had engaged in a scheme to defraud Kwik Ticket. Boikess, outside accountant denies these allegations as completely false. In Count II of the Amended Complaint against all defendants plaintiff alleges that "Defendants agreed and conspired to violate 18 U.S.C. Section 1962(c). Such agreement included the manufacture of fraudulent invoices; issuance of Company checks to "pay" those fraudulent invoices; cashing said checks and retaining the funds; the maintenance of fraudulent books and records to make it appear that vendors were being paid in the ordinary course of business, when in fact the sums represented by the invoices were embezzled by the Inside Defendants; and the generation of materially false and misleading financial statements by an accountant for the purpose of concealing the fraud from the Company". However, Boikess the outside accountant was not involved in anyway with the internal operations of Kwik Ticket. See Boikess affidavit annexed as Exhibit 1 to Lugo Declaration.

2

In Count V Breach of Fiduciary Duty (against Joel Boikess) ¶¶ 73-74. Plaintiff alleges that "In breach of his fiduciary duties, over the course of several years, Boikess knowingly prepared, approved and signed false and fraudulent financial statements to cover up the criminal conduct engaged in by the Inside Defendants". In Count VI, plaintiff alleges "Aiding and abetting breach of fiduciary duty against all defendants. See ¶ 77. In Count VIII plaintiff alleges "Aiding and abetting fraud against Mindy Spiewak and Jose Boikess. See ¶ 86.

It is respectfully submitted that Plaintiff's complaint fails to allege specific and requisite factual allegations that would constitute a Civil RICO claim against defendant Boikess, the outside accountant. Plaintiff's complaint is an example of why "courts have expressed skepticism toward civil RICO claims." and "strive to flush out frivolous RICO allegations at an early stage of the litigation." *Moss v. BMO Harris Bank, N.A.* 258 F. Supp. 3d 289, 297 (E.D.N.Y. 2017).

Plaintiff's claims against Boikess, the outside accountant under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1962(c) and (d), fail for a number of reasons and must be dismissed. First and foremost, Plaintiff fails to allege any facts from which it could plausibly be inferred that Boikess, the Outside Accountant participated in the operation and management of a RICO enterprise. Not only does Plaintiff also fail to allege any RICO predicate acts, it fails to allege both an "enterprise" of which Boikess the Outside Accountant was a part and the requisite pattern of racketeering conduct. Plaintiff's inability to state a substantive RICO claim under Section 1962(c) is also fatal to its purported RICO conspiracy claim under Section 1962(d). To state a claim for damages under RICO a plaintiff has two pleading burdens. First, he must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. Section 1962 (1976), commonly known as "criminal RICO". In so doing, he must allege the existence of seven constitutent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invest in, or

3

maintains an interest in, or participates in (6) an "enterprise the activities of which affect interstate or foreign commerce. Plaintiff must allege adequately defendant's violation of section 1962 before turning to the second burden – i.e., invoking RICO's civil remedies of treble damages, attorneys fees and costs. To satisfy this latter burden, plaintiff must allege that he was injured in his business or property by reason of a violation of section 1962. Moss v. Morgan Stanley, Inc., 719 F. 2d S. 17 (2d Cir. 1983), cert. den., 465 U.S. 1025 (1984). Plaintiff has not met this onerous pleading burden.

Moreover, plaintiff's amended complaint fails to plead the required allegations against Mr. Boikess, the outside accountant that he "conduct(ed) or participate[d, directly or indirectly, in conduct of such enterprise's affairs through a pattern of racketeering activity." 16 U.S.C. Section 1962 (c ). *Reves v. Ernst & Young*, 507 U.S. 170 (1993). In *Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison and Price Waterhouse*, 955 F. Supp, 248 at 254 (S.D.N.Y. 1997), Judge Sprizzo stated "It is well established that the provision of professional services by outsiders, such as accountants, to a racketeering enterprise is insufficient to satisfy the participation requirement of RICO, since participation requires some part in directing the affairs of the enterprise itself." Additionally, a plaintiff does not plead a RICO enterprise unless it is alleged to be separate and distinct from the alleged predicate acts. *United States v. Turkette, 452 U.S. 576 (1980)* which is not the case here.

Where as here, moreover, RICO allegations are predicated in substance on conversion, theft, or fraud, particularized pleading is required pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. The predicate acts have not been pleaded with particularity and the elements of the predicate acts have not been properly alleged, accordingly the plaintiff's complaint should be dismissed. *Moore v. PaineWebber*, 189 F.3d 165, 172-73 (2d Cir. 1999).

Plaintiff in Count II of the Amended Complaint references Subpart (d) of the RICO statute, 18 U.S.C. 1962 (d), through the use of the word "conspired" in the introductory paragraph of the complaint. Subpart D of the RICO statute relates to conspiracies to engage in the activities described in the other three subparts, and thus is derivative of the other three subparts and failure to allege a substantive RICO violation is "fatal to" a "conspiracy claim" as well. *Penguin Bros. v. City Nat'l Bank*, 587 Fed Appx. 663 (2d Cir. 2014). Moreover, other than conclusory allegations, the complaint does not include any factual allegations that would support or relate to a conspiracy argument.

### A. Plaintiff Cannot Allege That The Outside Accountant Participated In The Operation Or Management Of A RICO Enterprise

Plaintiff's claim against Boikess, the Outside Accountant under Section 1962(c) must be dismissed because, even if Plaintiff could be found to have properly alleged the existence of a RICO enterprise and a pattern of racketeering activity -- which it has not, as demonstrated below -- it fails entirely to allege facts from which it could be inferred that Boikess, the Outside Accountant "participated, directly or indirectly, in the conduct of such enterprise's affairs[.]" In *Reves v. Ernst & Young*, 507 U.S. 170, 185, 113 S. Ct. 1163, 1173, 122 L. Ed. 2d 525 (1993), the Supreme Court held that a defendant "must participate in the operation and management of the enterprise itself in order to be held liable under Section 1962(c). In so holding, the *Reves* court found that providing services to the alleged enterprise, no matter how vital, is not the same as directing the enterprise's affairs, and so cannot give rise to liability under Section 1962(c). That finding compels dismissal of the Section 1962(c) claim against the Outside Accountant, just as it compelled the dismissal of the RICO claim against the auditor-defendant in *Reves*.

Plaintiff alleges that Boikess, the Outside Accountant "was aware of the fraudulent nature of the transactions, but elected to treat them as legitimate. *See, e.g.*, Amended Complaint ¶¶ 21.

5

However, *Reves* makes clear that performance of such routine professional services does not constitute participation in the operation or management of an enterprise and so cannot be the basis for a Section 1962(c) claim. Plaintiff's failure to allege any facts from which it could plausibly be inferred that Boikess, the Outside Accountant exercised some degree of control over the alleged enterprise requires dismissal of the Section 1962(c) claim against them.

Moreover, the Courts have repeatedly rejected RICO claims against professionals that are founded only on the provision of professional services. *See, e.g., Azrielli v. Cohen Law Offices*, 21 F.3d 512, 521-22 (2d Cir. 1994)(RICO claim against attorney dismissed on ground that provision of legal services related to fraudulent real estate transaction did not amount to management of a RICO enterprise); *Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*, 955 F. Supp. 248, 254-55 (S.D.N.Y. 1997)(RICO claim against accountants dismissed on ground that provision of professional services is insufficient to meet RICO participation requirement "since participation requires some part in directing the affairs of the enterprise itself). *See also Elsevier, Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 307-08 (S.D.N.Y. 2010)(allegations that defendant provided services helpful to an enterprise insufficient to state RICO claim without alleging facts that would demonstrate some degree of control over an enterprise).

Plaintiff's theory of RICO liability as to Boikess, the Outside Accountant appears to be that his preparation of the financial statements helped fraudulently conceal the alleged enterprise's activities. Complaint ¶ 21. But Courts have consistently found that even allegations that an outside professional's services helped conceal the fraudulent conduct of an enterprise are insufficient to allege the control required for a Section 1962(c) claim. *Department of Economic Development v Arthur Andersen & Co.*, 924 F. Supp. 449, 466-69 (S.D.N.Y. 1996)(citing cases). *See also Feirstein v. Nanbar Realty Corp.*, 963 F. Supp. 254, 258 (S.D.N.Y. 1997)(allegations that accountants participated in conduct of enterprise's affairs by preparing and mailing supposedly

6

fraudulent monthly statements and income tax returns insufficient to satisfy the participation element of RICO). Plaintiff's allegations regarding Boikess, Outside Accountant's preparation of financial statements that supposedly helped camouflage the alleged RICO enterprise are no different from those that courts have found time and again to be insufficient to support a claim against outside professionals under Section 1962(c). Accordingly, as held in those cases, the Section 1962(c) claim against Boikess, the Outside Accountant should be dismissed.

### B. **Plaintiff Fails To Allege Any RICO Predicate Acts**

It has been held that in order to state a RICO claim, a plaintiff must allege that the enterprise engaged in "racketeering," which is defined by a series of criminal acts enumerated in 18 U.S.C. §1961(1). But Plaintiff's complaint fails properly to allege a single one of these criminal acts, much less allege the requisite "predicate acts" with the specificity required under Fed. R. Civ. P. 9(b). *See First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 180-81 (2d Cir. 2004)(allegations of all fraudulent predicate acts are subject to heightened pleading requirements of Rule 9(b)). Instead, Plaintiff relies on allegations that, even if proven, would amount to no more than common law fraud, breach of fiduciary duty, and negligence. None of these constitute predicate acts that would support a RICO claim.

Plaintiff alleges that the defendants committed one or more of three enumerated RICO predicate acts: wire fraud (18 U.S.C. §1343), racketeering (18 U.S.C. §1952), and money laundering (18 U.S.C. §1956) and commercial bribery. Amended Complaint ¶ 1. Section 1952 outlaws travel to conduct, or distribute the proceeds of, activity involving gambling, prostitution, controlled substances, or liquor on which federal excise tax has not been paid. 18 U.S.C. §1952(b). The Complaint indisputably makes no such allegations and so no Section 1952 predicate act is alleged. Similarly, Section 1956 outlaws financial transactions that involve the proceeds of unlawful activity, which is defined by that provision to include a host of federal crimes or offenses

7

against foreign countries, but which does not include common law fraud, breach of fiduciary duty or simple diversions of corporate funds or other assets. 18 U.S.C. §1956(c)(7). The Complaint contains allegations that funds that should have gone to plaintiff were either misappropriated or expended for purposes unrelated to plaintiff. But nowhere does plaintiff allege any financial transactions involving funds that were the product of "unlawful activity" as defined by Section 1956. Accordingly, no money laundering predicate act is alleged.

With regard to the assertion that the Complaint alleges wire fraud, Plaintiff fails to specify any misrepresentation or fraudulent act that was accomplished by the use of electronic means against Boikess, the Outside Accountant. Plaintiff makes only conclusory assertion that the requisite two acts are present against Spiewak defendants (Complaint ¶ 61). When Plaintiff alleges that the Spiewak defendants engaged in mail fraud, wire fraud, and money laundering, she simply recites the standard definitions of those crimes and does not provide any specific instances of such acts. (Complaint ¶ 58). However, Plaintiff makes only the conclusory allegation that Boikess, the Outside Accountant "generated materially false and misleading financial statements… for the purpose of concealing the fraud from Plaintiff". However, no facts are alleged from which scienter on the part of Boikess, the Outside Accountant could be inferred. While Rule 9(b) allows scienter to be alleged generally, it may not be alleged in a conclusory manner; plaintiff must allege some facts from which fraudulent intent can be inferred. *See, e.g., In re Scottish Re Group Sec. Litig.*, 524 F. Supp. 2d 370, 398 (S.D.N.Y. 2007) (allegations that "a reasonable auditor would have discovered problems with the Company's valuation of the deferred tax assets and internal controls" might support a claim of negligence, but would not 'approximate an actual intent to aid in the fraud being perpetrated,' " so scienter was held not to be adequately pled as to the auditor). Plaintiff has failed to do so and so it has failed to plead wire fraud as a predicate act.

The Complaint therefore alleges only acts that might, if sufficient, support common law

8

claims. Courts have repeatedly held that common law fraud and breach of fiduciary duty do not constitute racketeering activity and so cannot serve as predicate acts for the assertion of a RICO claim. *See, e.g.,* <u>Cofacredit, S.A. v. Windsor Plumbing Supply Co.</u>, 187 F.3d 229, 242 (2d Cir 1999); <u>The Jordan (Bermuda) Investment Company v. Hunter Green Investments Ltd.</u>, 154 F. Supp. 2d 682, 690-91 (S.D.N.Y. 2001)(citing cases and holding that "unenumerated acts such as common law fraud, negligent misrepresentation, breach of fiduciary duty, negligence and conversion are not 'racketeering activities' "). *Cf.* <u>Gross v. Waywell</u>, 628 F. Supp. 2d 475, 487 (S.D.N.Y. 2009) (RICO not intended to provide federal remedy for offenses "implicating narrow substantive scope and limited local effects"). Plaintiff's failure to allege any of the enumerated predicate acts is fatal to both of its RICO claims and requires their dismissal.

### **C. Plaintiff Fails To Allege A Pattern Of Racketeering Activity**

It has been held that in order to establish a substantive RICO violation under Section 1962(c), a plaintiff must allege a pattern of racketeering activity by the defendants. Plaintiff's Complaint fails to meet this requirement. To constitute such a pattern, RICO expressly provides that a plaintiff must allege at least two acts of racketeering activity occurring within a period of ten years. The Second Circuit has held that the racketeering activity must consist of acts that are among the criminal offenses enumerated in Section 1961(1), and that they must be related and either amount to or pose a threat of continuing criminal activity. <u>Cofacredit, S.A. v. Windsor Plumbing Supply Co.</u>, 187 F.3d 229, 242 (2d Cir. 1999). The "continuity" requirement can be satisfied by showing either a "closed-ended" pattern -- *i.e.*, a series of related predicate acts extending over a substantial period of time -- or an "open-ended" pattern of racketeering activity that poses a threat of continuing criminal conduct. <u>Spool v. World Child Int'l Adoption Agency</u>, 520 F.3d 178, 183-84 (2d Cir. 2008). Plaintiff satisfies none of these requirements.

First of all, Plaintiff's failure to allege any predicate acts enumerated by RICO precludes

9

satisfaction of the "pattern" requirement. But Plaintiff's Complaint fails on other counts as well. In this case, plaintiff's allegations do not show "closed-ended" continuity as there is no allegation from which a threat of continuing criminal activity by the purported "enterprise" could plausibly be inferred.

To allege closed-end continuity, Plaintiff must at a minimum allege a series of related predicate acts over a substantial period. <u>Cofacredit</u>, 187 F.3d at 242. But even if Plaintiff had properly done so -- which it has not -- it still would not have pled a substantive RICO claim against Boikess the Outside Accountant. Plaintiff in essence alleges only a single series of acts by various defendants to defraud or otherwise damage Plaintiff. Courts have repeatedly refused to find the requisite "pattern" of racketeering activity where only a single series of acts with a single victim is alleged. <u>Cofacredit,</u> 187 F.3d at 242 ("Although closed-ended continuity is primarily a temporal concept, other factors such as the number and variety of predicate acts, the number of both participants and victims, and the presence of separate schemes are also relevant in determining whether closed-ended continuity exists"). See also <u>Ferri v. Berkowitz</u>, 678 F. Supp. 2d 66, 76 (E.D.N.Y. 2009); <u>FD Property Holding, Inc. v. US Traffic Corp.</u>, 206 F. Supp. 2d 362, 372-73 (E.D.N.Y. 2002); <u>Dempsey v. Sanders</u>, 132 F. Supp. 2d 222, 228-29 (S.D.N.Y. 2001). Indeed, in a strikingly similar case, the Court granted a motion to dismiss a RICO claim alleging that a company and its majority owner had been victimized over a period of several years by faithless employees who engaged in a scheme to steal several hundred thousand dollars. The Court found that the "single, relatively simple fraudulent scheme" had a single purpose, namely, to deceive and steal from the company and its majority owner, and held that the facts alleged were insufficient "to satisfy the pattern element of a plausible RICO claim." <u>Gross v. Waywell</u>, 628 F. Supp. 2d 475, 494-97 (S.D.N.Y. 2009).

Here, Plaintiff alleges no victim other than itself from the alleged wrongful activity. As

courts in this Circuit have found many times, such single-victim acts -- which in this case do not even fall within the category of defined RICO predicate acts -- are insufficient to allege the requisite pattern of racketeering activity.

Moreover, Plaintiff's Amended Complaint does not contain specific dates for many of her allegations, but to the extent that she identifies a timeframe for her claims, many of the examples of purported fraud began in 2017, *Amended Complaint ¶ 27*, and ended in 2019 when Plaintiff discovered the purportedly fraudulent conduct and hired counsel. *Id. At ¶ 40*. This time period was only two years, and during that limited time, Plaintiff alleges that the Spiewak defendants took money only one victim: Kwik Ticket, and to the extent that hurt a shareholder, it only hurt one shareholder – Plaintiff. *Id. At Paragraph 1, 10*. Accordingly, Plaintiff's Section 1962(c) claim must be dismissed as against Boikess the Outside Accountant.

### D. Plaintiff Fails To Allege A RICO Enterprise

Plaintiff also fails adequately to allege the requisite element of a RICO enterprise, which is defined as "a group of persons associated together for a common purpose of engaging in a course of conduct." *Structural Maintenance & Contracting Co., Inc. v. Jayce Enterprises, Inc.*, Case No. 09 Civ. 8187 (BSJ), 2010 WL 4159517 at 9 (S.D.N.Y. Oct. 12, 2010). The Supreme Court has held that, in order for an "association-in-fact" enterprise to be found, the members of the enterprise must have "both interpersonal relationships and a common interest." *Boyle v. United States*, ––– U.S. –––, 129 S. Ct. 2237, 2244, 173 L. Ed. 2d 1265 (2009). Even if it were assumed that the various defendants had "interpersonal relationships," Plaintiff pleads no facts from which it could plausibly be inferred that Boikess, the Outside Accountant shared in any common interest with the alleged other members of the "enterprise." For example, as noted above, Plaintiff fails to allege facts from which it could be inferred that Boikess, the Outside Accountant intended to facilitate or assist, much less participate in or direct, any kind of fraudulent conduct. Plaintiff alleges nothing

11

other than that Boikess, the Outside Accountant, upon information and belief, prepared Plaintiff's financial statements allegedly contained "fraudulent and false" information. Complaint ¶¶ 63-64. Plaintiff fails to allege that Boikess, the Outside Accountant agreed to filed false and misleading financial statements, or any other facts from which it could plausibly be inferred that Plaintiff acted with the requisite scienter to commit any RICO predicate acts. Accordingly, Boikess, the Outside Accountant motion to dismiss the Section 1962(c) claim against them should be granted in all respects.

**E.** *The Section 1962(d) RICO Conspiracy Claim Must Also Be Dismissed As Against the* **Boikess, the Outside Accountant**

Plaintiff's failure to allege a substantive RICO claim against Boikess, the Outside Accountant under Section 1962(c) requires dismissal of Plaintiff's purported RICO conspiracy claim under Section 1962(d) as well. *Structural Maintenance & Contracting Co., Inc. v. Joyce Enterprises, Inc.*, 2010 WL 4159517 at 9; *Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d at 312-13; *Goldberg v. Lynch*, Case No. 97 Civ. 8779 (RPP), 1998 WL 321446 at 3 (S.D.N.Y. June 18, 1998). Even if dismissal were not required due to the failure to state a substantive RICO claim, the Section. 1962(d) claim against Boikess, Outside Accountant would have to be dismissed because the Complaint contains only conclusory allegations of an agreement and/or conspiracy among the defendants, and no allegations whatever from which it could be inferred that Boikess, Outside Accountant conspired with the other defendants or agreed to the conduct of an illicit enterprise designed to cause damage to Plaintiff. *Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d at 312-13.

**F. Plaintiff Fails to State a Cause of Action for Breach of Fiduciary Duty**

Under New York law, the elements of a claim for a breach of fiduciary duty are: (1) a fiduciary relationship between the parties and (2) that the fiduciary duty has been breached. *Kottler v. Deutsc he Bank AG*, 607 F. Supp. 2d 447, 465-66 (S.D.N.Y. 2009). In New York, the

12

accountant-client relationship generally does not give rise to a fiduciary relationship absent special circumstances. *VTech Holdings Ltd. v. Pricewaterhouse Coopers LLP*, 348 F. Supp. 2d 255, 268 (S.D.N.Y. 2004); *Block v. Razorfish, Inc.*, 121 F. Supp. 2d 401, 403 (S.D.N.Y. 2000); *see also Fund of Funds, Ltd. v. Arthur Anderson & Co.*, 545 F. Supp. 1314, 1356 (S.D.N.Y. 1982). A fiduciary relationship arises when one has reposed trust or confidence in the integrity or fidelity on another who thereby gains a resulting superiority or influence over the first, or when one assumes control and responsibility over another. *Id*. at 268 (citing *Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 289 (S.D.N.Y. 1995)). Whether a relationship is fiduciary in nature must be determined on the basis of the services agreed to by the parties. *Id*. at 268 (citing *Northeast Gen. Corp. v. Wellington Adver*. 82 N.Y.2d 158, 163, 604 N.Y.S.2d 1, 4, 624 N.E.2d 129 (1993)).

As a threshold matter, Plaintiff has failed to adequately allege the existence of a fiduciary duty owed to it by Boikess Outside Accountant. According to the Complaint, Plaintiff engaged Boikess Outside Accountant to prepare tax returns and financial statements for the company. See Exhibit 1, Boikess Affidavit. The Complaint alleges no other services for which Boikess Outside Accountant was engaged or that he performed. The cases cited herein uniformly hold that routine tax and accounting engagements do not give rise to a fiduciary duty on the part of the accountant. Since the Complaint alleges nothing more than such a routine engagement with respect to Boikess Outside Accountant, there is no basis for a breach of fiduciary duty claim and Count V claim for relief should be dismissed.

Additionally, Plaintiff has failed to adequately allege a breach of any fiduciary duty. The Complaint relies solely on conclusory allegations that Boikess Outside Accountant participated in a fraudulent scheme to steal funds from Plaintiff, while alleging no "facts" other than conclusory statement that "misleading financial statements were prepared. Plaintiff fails to provide any factual

basis for its assertions that such errors somehow amount to a breach of a (non-existent) fiduciary duty, and for this additional reason the Complaint's breach of fiduciary duty claim against the Boikess Outside Accountant should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should grant defendant Boikess Outside Accountant motion, along with such other, further and different relief as this Court deems just, proper and equitable.

Dated: Brooklyn, New York
      July 9, 2021

By:   /s/ *Betty Lugo*
     Betty Lugo

**PACHECO LUGO** PLLC
ATTORNEYS AT LAW

340 Atlantic Avenue
Brooklyn, NY  11201
Tel. (718) 855-3000
Fax (718) 855-6565

Attorneys for Defendant
Joel Boikess