**M A T A L O N PLLC**
450 Seventh Avenue – 33rd Floor
New York, New York 10123
(212) 244-9000
*Attorneys For Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
:
**KWIK TICKET INC., by its 50% owner,** : Docket No. 1:20-cv-1201(FB) (SJB)
**FLORENCE SHAMAH,** :
:
:
                  **Plaintiff,** :
:
       -against- :
:
**LARRY SPIEWAK, MINDY SPIEWAK,** :
**MALKAH JACOBOVITS and JOEL BOIKESS,** :
:
                  **Defendants.** :
-------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN**
**OPPOSITION TO JOEL BOIKESS'S MOTION TO DISMISS**


October 1, 2021

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ..................................................................................................1

**FACTS** ........................................................................................................................................2

**ARGUMENT** ..............................................................................................................................3

    **I.**    **A RICO CONSPIRACY DOES NOT REQUIRE PROOF OF A SUBSTANTIVE RICO OFFENSE** ................................3

    **II.**   **THE AMENDED COMPLAINT ADEQUATELY ALLEGES BREACH OF FIDUCIARY DUTY AGAINST BOIKESS** ..................4

    **III.**  **THE AIDING AND ABETTING COUNTS SHOULD NOT BE DISMISSED** .....6

    **IV.**  **THE UNJUST ENRICHMENT COUNT SHOULD BE SUSTAINED** ..................7

    **V.**   **THE CLAIM FOR INJUNCTIVE RELIEF SHOULD NOT BE DISMISSED** ....8

**CONCLUSION** .........................................................................................................................8

## PRELIMINARY STATEMENT

Defendant Joel Boikess was an integral part of the extensive fraud against Kwik Ticket, Inc. As the company's certified public accountant, he had a duty to accurately prepare the company's financial statements and tax returns. But instead, he knowingly assisted Larry Spiewak's looting, and covered up the schemes, by issuing false and misleading statements and returns. Without Boikess's assistance, the fraud against the company could never have been perpetuated.

Treating the allegations as true – required on this motion – it is clear that the complaint should not be dismissed as against Boikess. The Amended Complaint pleads actionable claims for RICO conspiracy, breach of fiduciary duty, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, disgorgement of compensation, and a permanent injunction enjoining further fraudulent activity. Hence, Boikess's dismissal motion should be entirely denied.

## FACTS

The allegations of the Amended Complaint are summarized in plaintiff's opposition to the Inside Defendants' motion, and for the sake of economy that presentation is incorporated, but not repeated, here.

In short, plaintiff Florence Shamah is the 50% owner of the New York corporation Kwik Ticket, Inc. She recently uncovered an extensive, decades'-long pattern of fraud, theft and looting orchestrated by defendant Larry Spiewak with the assistance of the company's office manager; his wife; and the company's long-time outside accountant, defendant-movant Joel Boikess. Among other things, the pattern included the creation of hundreds of fake invoices purportedly issued by outside vendors, when in reality, the invoices were fraudulently created in-house by defendant Jacobovits at the instruction of Spiewak. The business records of Kwik Ticket reflected that checks were issued to the alleged "vendors" to pay these invoices, and the "transactions" were recorded as legitimate expenses, thereby reducing the company's income and profits. In fact, the actual underlying checks were drawn to "Cash," and Jacobovits went to the bank, withdrew cash from the company's account, and divvied up the proceeds among herself and the Spiewaks (Am Comp. ¶¶ 1-3, 25-37).

A separate pattern of fraud involved the Spiewaks' charging of virtually every personal and household expense to credit cards which were paid in full by the company and recorded as business expenses of the company (Am Comp. ¶ 38). This occurred over a 20-year period (id).

The complaint alleges that Boikess was well aware of these facts, and knowingly participated in and furthered the wrongdoing by intentionally creating false financial statements and tax returns. This had the dual effect of perpetuating the fraud (by concealing it from plaintiff) and reducing the company's tax liabilities (Am. Comp. ¶¶ 1, 16, 21, 76).

Plaintiff has alleged six counts against Boikess:  Count II, for conspiracy to violate the RICO statute; Count V, for breach of fiduciary duty; Counts VI and VIII, for aiding and abetting breach of fiduciary duty and fraud, respectively; Count XIII, for disgorgement of compensation during Boikess's period of disloyalty; and Count XIV, for injunctive relief.

For the below reasons, the dismissal motion should be denied in its entirety.

## ARGUMENT

### I.

### A RICO CONSPIRACY DOES NOT REQUIRE PROOF OF A SUBSTANTIVE RICO OFFENSE

The majority of Boikess's memorandum attacks the Amended Complaint for allegedly failing to satisfy the individual requirements of 18 U.S.C. § 1962(c) (Boikess Mem. 3-12).  He is not only wrong (for the reasons set forth in opposition to the Inside Defendants' motion), but more importantly, the argument is irrelevant. Boikess is not being charged with violating RICO's substantive provisions (Count I).[1]  Rather, the Amended Complaint alleges that Boikess and the other defendants agreed and conspired to violate 18 U.S.C. § 1962(c), an independent violation of RICO's conspiracy provision, 18 U.S.C. § 1962(d).

Contrary to Boikess's argument, a RICO conspiracy does not require proof of an underlying substantive RICO violation.  The Second Circuit, in United States v. Applins, 637 F.3d 59, 74 (2d Cir. 2011), specifically noted that the Supreme Court, in Salinas v. United States, 522 U.S. 52 (1997) has "rejected the proposition that a conviction for RICO conspiracy requires proof that a substantive offense was committed."  As stated in Salinas, "It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the

---

[1] Similarly puzzling is Boikess's challenge to the conversion claim (Boikess Mem. 1-2), when that too is not alleged against him.

3

conspiracy is a distinct evil, dangerous to the public, and so punishable in itself." Id. at 65.  See also United States v. White, 2018 U.S. Dist. LEXIS 146444, at *5 (S.D.N.Y. Aug. 28, 2018) ("In the RICO conspiracy context, courts have repeatedly held that '[n]either overt acts, nor specific predicate acts that the defendant agreed personally to commit, need be alleged or proven for a section 1962(d) offense.'" (citation omitted)); Palatkevich v. Choupak, 2014 U.S. Dist. LEXIS 10570, at *61-62 (S.D.N.Y. Jan. 24, 2014) ("Section 1962(d) conspiracies are easier to prove than violations of § 1962(c) . . . . a conspirator may be charged with violating § 1962(d), even if he is incapable of violating § 1962(c).")

The factual allegations of the Amended Complaint, together with the specific allegations in Count II (Am. Comp.¶¶ 63-65), are sufficient to require Boikess to defend against the charge that he conspired with Spiewak and the other defendants to violate RICO.  Accordingly, Count II should not be dismissed.

## II.

### THE AMENDED COMPLAINT ADEQUATELY ALLEGES BREACH OF FIDUCIARY DUTY AGAINST BOIKESS

Contrary to Boikess's contention, accountants are not insulated from breach of fiduciary duty claims in all instances.  Under New York law, when a party alleges that an accountant was involved in creating false statements to facilitate the diversion of funds, a breach of fiduciary duty claim is proper.   And that is precisely what the Amended Complaint alleges.

At the outset, we note that Boikess's submission of an affidavit and an exhibit is procedurally improper, and those materials should not be considered at this juncture. "Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond 'facts stated on the face of the complaint, . . .

4

documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (omissions in original, citations omitted).   In fact, Boikess's exhibit raises more questions than it answers.  It purports to be the engagement letter entered into between Boikess and Kwik Ticket in 1990 (Boikess Aff. ¶ 4).  Yet the fax header has a date of January 12, 1997, and the letter itself pertains only to 2017, and is dated December 28, 2017.  Plainly, the document should not be considered.[2]

      Boikess is correct that, in ordinary circumstances, New York law does not impose a fiduciary duty upon accountants.  However, he conveniently ignores the exception that exists "where the allegations include knowledge and concealment of illegal acts and diversions of funds. . . ." Nate B. & Frances Spingold Found. v. Wallin, Simon, Black & Co., 184 A.D.2d 464, 465-66 (1st Dept. 1992).  In such instances, a breach of fiduciary claim may be stated. Id. Accord, Gerzog v. Goldfarb, 2020 NY Slip Op 32059(U), 2020 N.Y. Misc. LEXIS 2998 (Sup. Ct., N.Y. Co. 2020); JAG Orthopedics, P.C. v. AJC Advisory Corp., 2015 NY Slip Op 51111(U), ¶ 7, 48 Misc. 3d 1213(A) (Sup. Ct., Kings. Co. 2015 ("cause of action for breach of fiduciary duty, premised upon defendants' failure to disclose and concealment of its own awareness of the illegal acts and diversion of plaintiff's assets . . . is actionable [citations omitted]. While the accountant-client relationship does not generally implicate a fiduciary duty, where, as here, the complaint alleges the failure to advise the client of known improprieties revealed in records necessarily reviewed in the course of serving the client, to the extent that complicity in the fraud perpetrated by an employee is suggested, a fiduciary duty arises and may

---

[2] Although the Court may consider the affidavit and exhibit if it chooses to convert Boikess's dismissal motion to a summary judgment motion, we do not think that is appropriate at this pre-answer stage of the case.

have been breached");Elias v. Gettry Marcus C.P.A., P.C., 2018 U.S. Dist. LEXIS 106099, at *17-18 (S.D.N.Y. June 25, 2018) (summarizing New York law as stated above).

The amended complaint does not take Boikess to task for performing accounting work negligently. Instead, it claims that he was an important and essential component of Spiewak's fraud, by knowingly issuing false financial statements and tax returns. Accordingly, a breach of fiduciary duty claim is stated against Boikess, and Count V should not be dismissed as against him.

### III.

### THE AIDING AND ABETTING COUNTS SHOULD NOT BE DISMISSED

Although Boikess's Notice of Motion seeks dismissal of the aiding and abetting counts, he does not actually make any argument for their dismissal. (And of course it would be improper for him to first do so in reply.) For that reason alone, those counts should remain.

Boikess does not challenge the claims analytically because he cannot do so. It is undisputed that Spiewak owed fiduciary duties to the corporation, and the Amended Complaint alleges that Boikess provided substantial assistance to Spiewak in the form of knowing preparation of false financial statements and tax returns. Am. Comp. ¶¶ 1, 21, 76). The pleading, therefore, adequately sets forth counts for aiding and abetting fiduciary duty and aiding and abetting fraud against Boikess.

As stated by the First Department,

> In order to plead properly a claim for aiding and abetting fraud, the complaint must allege: "(1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud" (*Unicredito Italiano SPA v JPMorgan Chase Bank*, 288 F Supp 2d 485, 502 [SD NY 2003] [internal quotation marks omitted], quoting *Gabriel Capital, L.P. v NatWest Fin., Inc*., 94 F Supp 2d 491, 511 [SD NY 2000]). "[A]ctual knowledge of the fraud may be averred generally" (*In re Worldcom, Inc. Sec. Litig*., 382 F Supp 2d 549, 560 [SD NY 2005] [internal quotation marks omitted]). Substantial

assistance exists "where (1) a defendant affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed, and (2) the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated" (*Unicredito Italiano*, 288 F Supp 2d at 502 [internal quotation marks omitted], quoting *McDaniel v Bear Stearns & Co., Inc.*, 196 F Supp 2d 343, 352 [SD NY 2002]).

Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co., 64 A.D.3d 472, 476, (1st Dept. 2009). All of those elements are sufficiently set forth in the Amended Complaint.

Similarly, the elements of aiding and abetting a breach of fiduciary duty are 1) breach by a fiduciary of obligations to another, 2) that defendant had "actual knowledge" of the primary violation, and 3) that defendant "substantially assisted" in the primary violation. Hongying Zhao v. JPMorgan Chase & Co., 2019 U.S. Dist. LEXIS 40673, at *11 (S.D.N.Y. Mar. 13, 2019) (collecting cases). The amended complaint clearly pleads these elements, and thus this count too should survive.

**IV.**

**THE UNJUST ENRICHMENT COUNT SHOULD BE SUSTAINED**

Boikess is the only defendant to seek dismissal of the unjust enrichment count. As to him, the Amended Complaint seeks to compel Boikess to disgorge to the corporation the fees he collected during the period of his disloyalty to the company. That is a recognized claim under New York law. Matter of Blumenthal (Kingsford), 32 A.D.2d 767 (1st Dept.), lv. den., 7 N.Y.3d 718 (2016); Yukos Capital S.A.R.L. v. Feldman, 971 F.3d 216, 237-39 (2d Cir. 2020). Accordingly, Count XIII should not be dismissed.

## V.

## THE CLAIM FOR INJUNCTIVE RELIEF SHOULD NOT BE DISMISSED

In a single sentence (Boikess Mem. 2), and like his co-defendants, Boikess seeks dismissal of the injunction count, solely on the grounds that a preliminary injunction was previously denied. For the reasons set forth in opposition to the other defendants' motion, a claim for a permanent injunction is viable. Hence, Boikess's request should be denied.

## CONCLUSION

Joel Boikess's motion to dismiss should be denied in its entirety.

M A T A L O N PLLC

By: *s/ Joseph Lee Matalon*
    Joseph Lee Matalon
450 Seventh Avenue, 33rd Floor
New York, New York 10123
(212) 244-9000
  *Attorneys for Plaintiff*
   *Kwik Ticket Inc., by its 50% owner,*
   *Florence Shamah*

Dated: October 1, 2021