UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KWIK TICKET INC., by its 50% owner FLORENCE SHAMAH, and FLORENCE SHAMAH, Individually

                    Plaintiff,

-against-

LARRY SPIEWAK, MINDY SPIEWAK, MALKAH JACOBOVITS and JOEL BOIKESS,

                    Defendants.

Case No. 20-cv-01201 (FB) (SJB)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT JOEL BOIKESS MOTION TO DISMISS



340 Atlantic Avenue
Brooklyn, NY  11201
(718) 855-3000

Attorneys for Defendant Joel Boikess

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .......................................................................................................................... 3

    I. PLAINTIFF FAILS TO ALLEGE FACTS NECESSARY
    FOR A SECTION 1962(d) CLAIM ................................................................................. 3

    II. PLAINTIFF FAILED TO ADEQUATELY PLEAD AN
    AGREEMENT TO CONSPIRE ....................................................................................... 5

    III. PLAINTIFF FAILED TO PLEAD BREACH OF FIDUCIARY DUTY ......................... 5

    IV. PLAINTIFF'S AIDING AND ABETTING COUNTS
    SHOULD BE DISMISSED ............................................................................................. 6

    V. UNJUST ENRICHMENT COUNT CANNOT BE SUSTAINED ............................... 9

CONCLUSION ..................................................................................................................... 10

TABLE OF AUTHORITIES

*Abbott Laboratories v. Adelphia Supply USA*
  No. 15CV5826CBALB, 2017 WL 57802 (E.D.N.Y. Jan. 4, 2017) .................................. 7

*American Arbitration Ass'n Inc. v. DeFonseca*
  No. 93 Civ. 2424, 1996 WL 363128 (S.D.N.Y. 1996) ...................................................... 4

*Baisch v. Gallina*
  346 F.3d 366 (2d Cir. 2003) ............................................................................................. 5

*Black Radio Network, Inc. v. NYNEX, Corp.*
  44 F.Supp.2d 565 (S.D.N.Y. 1999) .................................................................................. 4

*Block v. Razorfish, Inc.*
  121 F. Supp. 2d 401 (S.D.N.Y. 2000) .............................................................................. 6

*Burke v. Dowling*
  944 F. Supp. 1036 (E.D.N.Y. 1995) ................................................................................. 7

*Cedar Swamp Holdings, Inc. v. Faith Zaman*
  487 F. Supp. 2d 444 (S.D.N.Y. 2007) .............................................................................. 1

*Chung Tai Printing (China) Co Ltd. v. Florence Paper Corp., et al.*
  (Sup. Ct. New York Cty)(651101/2019) .......................................................................... 1

*City of New York v. Smokes-Spirits.com, Inc.*
  541 F.3d 425 (2d Cir. 2008) ............................................................................................. 7

*Cortec Industries, Inc. v. Sum Holding L.P.*
  949 F.2d 42 (2d Cir. 1991) ............................................................................................... 8

*Curtis v. Greenberg*
  No. 20-CV-824 (PKC) (LB), 2021 WL 4340788 (E.D.N.Y. Sept. 23, 2021) ................... 5

*DLJ Mortg. Capital, Inc. v. Kontogiannis,*
  726 F. Supp.2d 225 (E.D.N.Y. 2010) ............................................................................... 3

*Elsevier Inc. v. W.H.P.H.R.*
  692 F. Supp. 2d 297 (S.D.N.Y.) ....................................................................................... 5

*FD Property Holding, Inc. v. US Traffic Corp*
  206 F. Supp 2d 363 (E.D.N.Y. 2002) ............................................................................... 2

*First Capital Asset Mgmt., Inc. v. Satinwood., Inc.*
  385 F.3d 159 (2d Cir. 2004) ............................................................................................. 2

*Funds of Funds, Ltd. v. Arthur Anderson & Co.*
  545 F. Supp. 1314 (S.D.N.Y. 1982) .................................................................................. 6

*Georgia Malone & Co., Inc. v. Ralph Rieder*
  86 A.D.3d 406 (1st Dept.) .................................................................................................. 9

*Gigi Marie Shamah v. Isadore Shamah and Isaac Shamah*
  (Sup. Ct. New York Cty)(651249/2010) ........................................................................... 1

*Hecht v. Commerce Clearing House, Inc.*
  897 F.2d 21, 25 (2d Cir. 1990) ...................................................................................... 3, 4

*Hemi Grp., LLC v. City of New York*
  559 U.S. 1 (2010) ............................................................................................................... 7

*Hongying Zhao v. JPMorgan Chase & Co.*
  2019 U.S. Dist. LEXIS 40673 (S.D.N.Y. Mar. 13, 2019) ............................................. 8, 9

*I. Meyer Pincus & Associates, P.C. v. Oppenheimer & Co., Inc.*
  936 F.2d 759 (2d Cir. 1991) .............................................................................................. 7

*Isaac Shamah v. Steven Shamah, et al.*
  (Sup. Ct. New York Cty)(650215/2011) ........................................................................... 1

*Kaufman v. Cohen*
  307 A.D.2d 113 (1st Dept. 2003) ...................................................................................... 8

*Kensington Intern. Ltd v. Societe Nat. des Petroles du Congo*
  No. 05 CIV 5101 (LAP), 2006 WL 846351 (S.D.N.Y. Mar. 31, 2006) ........................... 2

*Kirschner v. Bennett*
  648 F.Supp.2d. 525 (S.D.N.Y. 2009) ................................................................................ 8

*Krys v. Pigott*
  749 F.3d 117 (2d Cir. 2014) .............................................................................................. 7

*Kwik Ticket, Inc. v. Isaac Shamah, Florence Shamah*
  (Sup. Ct. Kings Cty) (501076/2020) ................................................................................. 1

*Mandarin Trading Ltd. v. Wildenstein*
  16 N.Y.3d 173 (2011) ........................................................................................................ 7

*Matter of Blumenthal (Kingsford)*
  32 A.D.2d 767 (1st Dept. 2006) ........................................................................................ 9

*Morin v. Trupin*
  711 F.Supp. 97 (S.D.N.Y. 1989) ............................................................................... 3, 4,

*Morin v. Trupin*
  832 F.Supp. 93 (S.D.N.Y. 1993) ...................................................................................... 7

*Moss v. BMO Harris Bank, N.A.*
  258 F.Supp. 3d 289 (E.D.N.Y. 2017) .............................................................................. 5

*Naso v. Park*
  850 F.Supp. 264 (S.D.N.Y. 1994) ................................................................................... 4

*Nate B. & Frances Spingold Foundation v. Wallin, Simon, Black & Co.*
  184 A.D.2d 464 (N.Y. App. Div. 1992) .......................................................................... 6

*Northeast Gen. Corp. v. Wellington Adver.*
  82 N.Y.2D 158 (1993) ..................................................................................................... 6

*N.Y. v. United Parcel Serv., Inc.*
  15-CV-1136(KBF), 2016 WL 4203547 (S.D.N.Y. Aug. 9, 2016) ................................... 7

*Reves v. Ernst & Young*
  507 U.S. 170 (1993) ........................................................................................................ 6

*Salinas v. United States*
  522 U.S. 52 (1997) .......................................................................................................... 5

*Sky Med. Supply Inc. v. SCS Support Claims Servs.*
  17 F. Supp.3d 207 (E.D.N.Y. 2014) ............................................................................... 3

*Spool, et al. v. World Child International Adoption Agency*
  520 F.3d 178 (2d Cir. 2008) ........................................................................................... 4

*Stanfield Offshore Leveraged Assets. Ltd. v. Metro. Life Ins. Co.*
  64 A.D.3d 472 (1st Dept. 2009) ............................................................................. 7, 8, 9

*Steven Shamah, et al. v. Isaac Shamah, et al.*
  (Sup. Ct. New York Cty)(652371/2011) ........................................................................ 1

*Tech. in P'ship v. Rudin*
  No. 10 Civ. 8076(RPP), 2011 WL 4575237 (S.D.N.Y. Oct. 3, 2011) ........................ 5, 6

*United States v. Bonanno*
  683 F.Supp. 1411 (S.D.N.Y. 1988) ................................................................................ 4

*Vtech Holdings Ltd. v. Pricewaterhouse Coopers LLP*
  348 F. Supp. 2d 255 (S.D.N.Y. 2004) ............................................................................... 6

*Yukos Capital S.A.RL. v. Feldman*
  977 F.3d 216 (2d Cir. 2020) ............................................................................................ 9

*Zamora v. FIT International Group Corp.*
  834 F.App'x 622 (2d Cir. 2020) ...................................................................................... 4

<u>Statutes</u>

18 U.S.C. § 1962(c) ........................................................................................................ 3, 5, 7

18 U.S.C. § 1962(d) ....................................................................................................... 2, 3, 4, 5

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................................. 1

Defendant, Joel Boikess ("Outside Accountant"), respectfully submits this memorandum in reply to plaintiff's opposition and in further support of defendant Boikess's motion to dismiss with prejudice the claims asserted against him in plaintiff's Amended Complaint, dated June 11, 2021 ("Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

PRELIMINARY STATEMENT

This case is a classic example of "putative civil RICO claims that 'are nothing more than sheep masquerading in wolves' clothing,' or ordinary fraud cases 'clothed in the Emperor's trendy garb" should be "flush[ed] out" at early stages of the litigation'. Cedar Swamp Holdings, Inc. v. Faith Zaman, 487 F. Supp. 2d 444, 449 (S.D.N.Y. 2007) (citation omitted). Here plaintiff claims a variety of theories sounding in conspiracy and racketeering to proceed in this Court as opposed to a New York State Supreme Court. Absent a federal claim and given the lack of complete diversity between the parties (Kwik Ticket – New York Corp and Defendant Boikess – New York domiciliary) this Court should decline to exercise supplemental jurisdiction over the state law claims.

The Amended Complaint fails to assert the necessary elements of a RICO cause of action as to any Defendant. Reading plaintiff's hyperboles, the Amended Complaint describes nothing more than a "quintessential" business dispute between family members as they habitually have sued each other for years.[1] Thus, plaintiff's attempt to transform common-law claims into a federal RICO case is futile because the facts simply do not and cannot support a RICO claim. Moreover, no RICO enterprise or RICO defendant is pleaded because none exists. The alleged predicate acts are nothing more than "garden variety" common law claims that fail to state a RICO

---

[1] Kwik Ticket Inc v, Isaac Shamah, Florence Shamah (Sup. Ct. Kings Cty) (501076/2020); Chung Tai Printing (China) Co Ltd. v, Florence Paper Corp., Steven Shamah, Vivian Shamah, Ronald Shamah, Shari Shamah and Isaac Shamah (Sup. Ct. New York Cty)(651101/2019); Isaac Shamah v. Steven Shamah, Ronald Shamah and Florence Paper Corp. (Sup. Ct. New York Cty) (650215/2011); Steven Shamah, Ronald Shamah, Florence Enterprises, a general partnership, and Florence Investment Group, LLC, a general partnership, v. Isaac Shamah, David I. Shamah and Abramham Shamah (Sup. Ct. New York Cty)(652371/2011); Gigi Marie Shamah v. Isadore Shamah and Issac Shamah (Sup. Ct. New York Cty)(651249/2010).

1

claim. Thus, plaintiff's RICO claims should be dismissed because this case is not about a large, interstate civil conspiracy but is instead based on allegations of "garden variety" fraud.

Plaintiff's opposition papers fail to allege (1) that defendant Boikess (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) participated in the management or operations (6) of an "enterprise" (7) the activities of which affect interstate or foreign commerce. See, e.g., Kensington Intern. Ltd v. Societe Nat. des Petroles du Congo, No. 05 CIV 5101 (LAP), 2006 WL 846351, at *10 (S.D.N.Y. Mar. 31, 2006); FD Property Holding, Inc. v. US Traffic Corp., 206 F. Supp. 2d 362, 369 (E.D.N.Y. 2002).  Consequently plaintiff fail to rebut the well-established law requiring plaintiff to allege adequately a substantive RICO violation to maintain an action under 18 U.S.C. § 1962(d) because there can be no RICO conspiracy claim without a substantive RICO violation. See First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159 (2d Cir. 2004)("because Plaintiffs' RICO conspiracy claims are entirely dependent on their substantive RICO claims, we also concur in the … dismissal of the RICO conspiracy claims").

Also, plaintiff's claims for breach of fiduciary duty, aiding and abetting and for a preliminary and permanent injunction should be dismissed.  The breach of fiduciary duty claim should be dismissed as routine tax and accounting engagements do not give rise to a fiduciary duty on the part of an outside accountant.  Moreover, plaintiff's aiding and abetting counts fail because Boikess Outside Accountant did not have a duty to investigate and report fraud. Boikess did not owe plaintiff a fiduciary duty. In fact, Boikess continues to serve as an outside accountant for Kwik Ticket, Inc.

Furthermore, the claim for a preliminary and permanent injunction fails because this Court has already ruled that Plaintiff is unable to show irreparable harm or inadequate remedy at law. Lastly, all of plaintiff's claims are barred by the corresponding statute of limitations.

ARGUMENT

I. PLAINTIFF FAILS TO ALLEGE FACTS NECESSARY FOR A SECTION 1962(d) CLAIM

Even though plaintiff alleges that this is a RICO civil lawsuit, the majority of cases plaintiff cites, under 18 U.S.C. § 1962(d), in its Memorandum of Law in Opposition to defendant Boikess' motion, focus on government actions. See Sky Med. Supply Inc. v. SCS Support Claims Servs., 17 F.Supp.3d 207, 220 (E.D.N.Y. 2014)("[C]ourts have expressed skepticism towards civil RICO claims."); see also DLJ Mortg. Capital, Inc. v. Kontogiannis, 726 F.Supp. 2d 225, 236 (E.D.N.Y. 2010)("[P]laintiffs have often been overzealous in pursuing RICO claims, flooding federal courts by dressing up run-of-the-mill fraud claims as RICO violations."). "The core of a RICO civil conspiracy is an agreement to commit predicate acts" in violation of 18 U.S.C. § 1962(a), (b), or (c) and a complaint must allege specifically of such an agreement. Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 25 (2d Cir. 1990). Conclusory allegations of agreement are insufficient. See, e.g., Morin v. Trupin, 711 F.Supp. 97, 111 (S.D.N.Y. 1989). Noteworthy is that Congress did not deploy RICO as an instrument against all unlawful acts. Congress targeted only predicate acts categorized under section 1961(1) and no other conduct. Hence plaintiff's complaint fails to satisfy the Rico pleading requirements as they lack specificity as set forth in the Amended Complaint ¶¶ 61, 62, 63:

> 61. Defendants agreed and conspired to violate 18 U.S.C. § 1962(c). Such agreement included the manufacture of fraudulent invoices; issuance of Company checks to "pay" those fraudulent invoices; cashing said checks and retaining the funds; the maintenance of fraudulent books and records to make it appear that vendors were being paid in the ordinary course of business, when in fact the sums represented by the invoices were embezzled by the Inside Defendants; and the generation of materially false and misleading financial statements by an accountant for the purpose of concealing the fraud from the Company.
> 62. Defendants have intentionally conspired and agreed to directly and indirectly conduct and participate in the conduct of the affairs of the Kwik Ticket Inc. enterprise through a pattern of racketeering activity. Defendants knew that their predicate acts were part of a pattern of racketeering activity, and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).
> 63. As a direct and proximate result of the defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Kwik Ticket

3

>Inc. has been injured in its business and property in that defendants' conspiracy enabled the Inside Defendants to loot the Company's assets for their personal gain.

The Second Circuit noted that ordinary theft offenses and conspiracies to commit them are not predicate acts under RICO. <u>Spool, et al. v. World Child International Adoption Agency</u>, 520 F.3d 178, 184 (2d Cir. 2008).

A review of Amended Complaint ¶¶ 61, 62, 63 claims, prove that plaintiff did not plead a RICO conspiracy with sufficient particularity. Obviously, the amended complaint alleges in only the most conclusory fashion that defendants "conspired" to become part of an alleged enterprise. <u>See</u>, e.g., Amended Complaint ¶¶ 61, 62, 63. <u>See</u> <u>Zamora v. FIT International Group Corp., 834 F.App'x 622 (2d Cir. 2020)</u>(holding that plaintiff's failure to state a claim for a substantive RICO violation is fatal to their RICO conspiracy claim under § 1962(d) because the claims relied on the same factual predicate). Moreover, plaintiff fail to plead any specific factual allegations that defendant Boikess consciously agreed to become part of a RICO conspiracy and commit the necessary predicate racketeering acts. Plaintiff does not provide factual support to show that defendant Boikess committed the predicate acts with the requisite knowledge of the purpose of the enterprise and with the intent to further its alleged goals. <u>See</u> <u>Naso v. Park</u>, 850 F.Supp. 264, 275 (S.D.N.Y. 1994). Plaintiff also fail to allege facts that suggest defendants "manifested a conscious agreement to commit predicate acts in furtherance of the common purpose of the RICO enterprise." <u>American Arbitration Ass'n, Inc. v. DeFonseca,</u> No. 93 Civ. 2424, 1996 WL 363128, at *7 (S.D.N.Y. 1996); <u>United States v. Bonanno</u>, 683 F.Supp. 1411, 1440 (S.D.N.Y.1988), aff'd, 879 F.2d 20 (2d Cir.1989). Furthermore, plaintiffs fail to allege a conscious agreement among all defendants to commit at least two predicate acts. <u>See</u> <u>Bonanno</u>, 683 F.Supp. at 1440; <u>see also</u> <u>Black Radio Network, Inc. v. NYNEX, Corp</u>., 44 F.Supp.2d 565, 581 (S.D.N.Y.1999) (*citing Hecht*, 897 F.2d at 25); <u>Naso</u>, 850 F.Supp. at 275. Conclusory allegations of agreement are insufficient. <u>See</u>, e.g., <u>Morin</u>, 711 F.Supp. at 111; <u>Black Radio Network, Inc.</u>, 44 F.Supp.2d at 581.

4

Moreover "[t]o establish a violation of § 1962(d), a plaintiff must show that defendant agreed with at least one other entity to commit a substantive RICO offense." Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 487 (2d Cir. 2014); see also Curtis v. Greenberg, No. 20-CV-824, 2021 WL 4340788 (E.D.N.Y. 2021)(action under 18 U.S.C. §§ 1962(c) and 1962(d) dismissed because RICO violation insufficiently pled and plaintiff did not "allege any further acts that, if carried out, would have satisfied RICO's requirement of a pattern of racketeering."). Additionally, plaintiff must adequately plead a substantive violation of RICO to maintain an action under 18 U.S.C. § 1962(d). See Moss v BMO Harris Bank, N.A., 258 F.Supp 3d 289 (E.D.N.Y. 2017). "A substantive violation of RICO violation is pled properly by a factual showing of '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity' for each individual defendant." Tech. in P'ship v. Rudin, No. 10 Civ. 8076(RPP), 2011 WL 4575237, at *4 (S.D.N.Y. Oct. 3, 2011)(citation omitted). Here, plaintiff has failed to plead a substantive violation of RICO.

Accordingly, plaintiff's claims under 18 U.S.C. § 1962(d) must be dismissed.

## II. PLAINTIFF FAILED TO ADEQUATELY PLEAD AN AGREEMENT TO CONSPIRE

Plaintiff does not dispute that "[i]n the civil context, a plaintiff must allege that the defendant 'knew about and agreed to facilitate the scheme.'" Baisch v. Gallina, 346 F.3d 366 (2d Cir. 2003) citing Salinas v. United States, 522 U.S. 52, 65 (1997). As noted in Point I *supra*, plaintiff's amended complaint contains bare conclusory allegations surrounding an agreement to conspire. There are no facts from which it can be inferred that Boikess, Outside Accountant, conspired with the other defendants or agreed to the conduct of an illicit enterprise designed to cause damage to Plaintiff. Elsevier Inc. v. W.H.P.H.R., Inc., 692 F. Supp. 2d 297, 312-313 (S.D.N.Y. 2010). Thus, plaintiff's claim under 18 U.S.C. § 1962(d) should be dismissed.

## III. PLAINTIFF FAILED TO PLEAD BREACH OF FIDUCIARY DUTY

Plaintiff's complaint solely contains conclusory allegations of a breach of fiduciary duty. "In New York, the accountant-client relationship does not generally give rise to a fiduciary

relationship absent special circumstances." Vtech Holdings Ltd. v. Pricewaterhouse Coopers LLP, 348 F. Supp. 2d 255, 268 (S.D.N.Y. 2004); Block v. Razorfish, Inc., 121 F. Supp. 2d 401, 403 (S.D.N.Y. 2000); see also Fund of Funds, Ltd. v. Arthur Anderson & Co., 545 F. Supp. 1314, 1356 (S.D.N.Y. 1982). A court may permit a breach of fiduciary duty cause of action against an accountant to stand "where the allegations include knowledge and concealment of illegal acts and diversion of funds." Nate B. & Frances Spingold Foundation v. Wallin, Simon, Black & Co., 184 A.D.2d 464 (N.Y. App. Div. 1992). However, "mere preparation of tax returns … coupled with bald conclusory allegations of knowledge and concealment do not meet the plausibility standard in Iqbal." Tech. in P'ship, 2011 WL 4575237, at *6 (dismissing the claim for breach of fiduciary duty with prejudice when the complaint alleged that the accountants owed a fiduciary duty and participated in the fraudulent scheme to steal funds from plaintiff).

Moreover, "whether a relationship is fiduciary in nature must be determined on the basis of the services agreed to by the parties." Vtech Holdings Ltd. v. Pricewaterhouse Coopers LLP, 348 F. Supp. 2d 255, 268 (S.D.N.Y. 2004)(citing Northeast Gen. Corp. v. Wellington Adver., 82 N.Y.2D 158, 163 (1993). Here, Boikess, Outside Accountant, was retained to review the financial statements and was not required to audit the information received or express an opinion of the financial statements. The engagement letter between Kwik Ticket Inc., and Boikess clearly designates that the prevention and detection of fraud is plaintiff's responsibility. Thus, plaintiff has failed to adequately allege the existence of a fiduciary duty owed to it by Boikess, Outside Accountant.

IV. PLAINTIFF'S AIDING AND ABETTING COUNTS SHOULD BE DISMISSED

The element of "conduct" means to "lead, run, manage or direct," and the Supreme Court has long rejected that mere "involvement in the affairs of an enterprise [ ] satisf[ies] the 'conduct or participate' requirement." Reves v. Ernst & Young, 507 U.S. 170, 177-78 (1993). "Simply alleging that certain entities provide services which are helpful to an enterprise without any allegations that those entities exert any control over the enterprise does not sufficiently allege

6

a claim under RICO against those entities." City of New York v. Smokes-Spirits.com, Inc., 541 F.3d 425, 449 (2d Cir. 2008), *rev'd on other grounds*, Hemi Grp., LLC v. City of New York, 559 U.S. 1 (2010). "Aiding and abetting a violation … [p]erforming tasks necessary or helpful to the enterprise … provid[ing] goods and services that ultimately benefit the enterprise … [and] engaging in wrongful conduct that assists the enterprise" do not allege direction of a RICO enterprise. Abbott Laboratories v. Adelphia Supply USA, No. 15CV5826CBALB 2017, WL 57802, at *6 (E.D.N.Y. Jan. 4, 2017). "[E]ven intentional participation in a fraud will not subject a defendant to RICO liability if he is not involved in the operation or management." Burke v. Dowling, 944 F. Supp. 1036, 1055 (E.D.N.Y. 1995).. "The test a*dvanc*ed in Reves is intended to make it difficult to hold an outside service provider - such as, for instance, an accountant or lawyer–- liable under § 1962(c))." N.Y. v. United Parcel Serv., Inc., 15-CV-1136(KBF), 2016 WL 4203547, at *4 (S.D.N.Y. Aug. 9, 2016). Thus, as here, "there is no suggestion that [Boikess] ever directed anyone to do anything" (Morin v. Trupin, 832 F.Supp. 93, 98 (S.D.N.Y. 1993), both the RICO and aiding and abetting claims fail as a matter of law.

To state a fraud claim, plaintiff must allege "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 178 (2011). To state a claim for aiding and abetting fraud, plaintiff "must show (1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." Krys v. Pigott, 749 F.3d 117, 127 (2d Cir. 2014). "In asserting claims of fraud - including claims for aiding and abetting fraud … – a complaint is required to plead the circumstances that allegedly constitute fraud 'with particularity.'" Id. at 129 (citing Rule 9(b)).

In Stanfield Offshore Leveraged Assets. Ltd. v. Metro. Life Ins. Co., the court dismissed plaintiff's claim for aiding and abetting a fraud. In support of its aiding and abetting

7

claim plaintiff alleged that "Credit Suisse assisted in the alleged fraud by failing to disclose Meridian's insolvency." 64 A.D.3d 472, 476 (1st Dept. 2009). The court held that "[t]his allegation was insufficient to support a claim of aiding and abetting fraud absent a fiduciary duty or some other independent duty owed by Credit Suisse to the plaintiffs." Id. Moreover, under the terms of the agreement, Credit Suisse did not owe plaintiff a duty to disclose any information relating to Meridian. Thus, it could not be held liable for failure to disclose Meridian's insolvency. Id.("Thus, the agreement itself bars plaintiff's cause of action for aiding and abetting fraud based on allegations of silence or inaction.").

Furthermore, in Hongying Zhao v. JPMorgan Chase & Co., the complaint alleged that defendants knew or were willfully blind to the fact that Haddow and his company were perpetrating fraud on their investors. 2019 U.S. Dist. LEXIS 40673, at *11 (S.D.N.Y. Mar. 13, 2019). The court dismissed the aiding and abetting a fiduciary duty count for failure to plead: existence of a duty, actual knowledge of the fiduciary relationship, actual knowledge of the breach, and substantial assistance. Furthermore, the court noted that inaction only constitutes substantial assistance when the "defendant owes a fiduciary duty directly to the plaintiff." Id. (*citing* Kaufman v. Cohen, 307 A.D.2d 113, 126 (1st Dept. 2003). The court also dismissed the remaining aiding and abetting claims on the basis that "elements of aiding and abetting a breach of fiduciary duty, aiding and abetting a conversion, and aiding and abetting a fraud are substantially similar." Id. (*citing* Kirschner v. Bennett, 648 F.Supp.2d 525, 533 (S.D.N.Y. 2009)).

Here, as in Stanfield Offshore Leveraged Assets. Ltd. and Hongying Zhao, *supra.* defendant Boikess did not owe a fiduciary duty directly to Kwik Ticket, Inc. Under the terms of the outside accountant engagement letter, the prevention and detection of fraud was the responsibility of Kwik Ticket, Inc. and not that of Boikess. See Exhibit 1, Boikess Affidavit.[2]

---

[2] The Court should consider Boikess Affidavit and engagement letter as integral to the complaint. The engagement letter sets out Boikess responsibilities as outside accountant. See Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991)(holding that the reviewing court could consider extrinsic evidence on a motion to dismiss if the evidence was integral to the complaint); I. Meyer Pincus & Associates, P.C. v. Oppenheimer & Co., Inc., 936 F.2d

8

Pursuant to the engagement letter, "[Boikess] will not audit the information and will not express an opinion on such information." See Exhibit 1, Boikess Affidavit.

Furthermore, pursuant to Kwik Ticket's and Boikess' agreement, Boikess had no duty to express an opinion regarding the financial statements. Hence silence and inaction by Boikess, Outside Accountant, is insufficient to constitute substantial assistance. See Stanfield Offshore Leveraged Assets. Ltd., 64 A.D.3d at 476; Hongying Zhao, 2019 U.S. Dist. LEXIS 40673, at *11 (S.D.N.Y. Mar. 13, 2019). Accordingly, plaintiff's aiding and abetting counts should be dismissed.

V. UNJUST ENRICHMENT COUNT CANNOT BE SUSTAINED

Plaintiff's count for unjust enrichment should be dismissed as it only contains conclusory allegations. To prevail on a claim for unjust enrichment in New York, "plaintiff must show that the other party was enriched, at plaintiff's expense, and that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." Georgia Malone & Co., Inc. v. Ralph Rieder, 86 A.D.3d 406, 408 (1st Dept. 2011). In Matter of Blumenthal (Kingsford), the Court applied the faithless servant doctrine after the former executor of the estate made systematic, unauthorized transfers to himself and his affiliates. The court found that defendant's repeated disloyalty required disgorgement of his compensation. 32 A.D.2d 767 (1st Dept. 2006). Similarly, in Yukos Capital S.A.R.L. v. Feldman, the court held that under the faithless servant doctrine, "one who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation…" 977 F.3d 216, 237-39 (2d Cir. 2020).

Here, plaintiff fails to plead any facts beyond conclusory allegations that show Boikess was faithless. In fact, Boikess could not act faithlessly as he was not required to examine the

---

759 (2d Cir. 1991)("We therefore decline to close our eyes to contents of the prospectus and to create a rule permitting plaintiff to evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach the prospectus to the complaint or incorporate it by reference."). Plaintiffs' allegations against Boikess arise out of the services he rendered as an outside accountant. Boikess's services are determined by the engagement letter making it integral to the complaint.

9

financial statements for fraud. See Exhibit 1, Boikess Affidavit. Pursuant to the Outside Accountant engagement letter, Boikess was required only to perform a review engagement. Id. A review engagement "is substantially less in scope than an audit engagement" and did not include expressing an opinion on the financial statements. Id. Moreover, Kwik Ticket, Inc. was responsible for the prevention and detection of fraud. Id. Thus, plaintiff's count for unjust enrichment should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should grant defendant Boikess Outside Accountant motion to dismiss with prejudice, along with such other, further and different relief as this Court deems just, proper and equitable.

Dated: Brooklyn, New York
November 22, 2021

By //s// *Carmen A. Pacheco* //s//
Carmen A. Pacheco



340 Atlantic Avenue
Brooklyn, NY 11201
Tel. (718) 855-3000
Fax (718) 855-6565

Attorneys for Defendant
Joel Boikess

On the Brief
Ruben Huertero* (*awaiting admission)

10