# EXHIBIT B

# AMERICAN ARBITRATION ASSOCIATION
Commercial Arbitration Tribunal

| | |
|---|---|
| FLORENCE SHAMAH,<br><br>       Claimant,<br><br> - against -<br><br>LARRY SPIEWAK, MINDY SPIEWAK, and MALKAH JACOBOVITS,<br><br>       Respondents. | AAA Case No. 01-23-0001-3250 |

## **PROCEDURAL ORDER NO. 10**

In Procedural Order No. 9, dated October 10, 2025 ("PO 9"), I reinstated the suspension of the Arbitration that I had previously imposed in Procedural Order No. 8, dated September 9, 2025, and I provided the Parties with a final opportunity to cure the nonpayment of deposits previously billed by the American Arbitration Association ("AAA"). I ruled that if the Parties failed to make full payment of the outstanding deposits by October 24, 2025, I would be constrained to terminate the Arbitration pursuant to Rule R-59(f) of the AAA Commercial Arbitration Rules.

Claimant's counsel thereafter requested that Claimant's time to fund her share of the outstanding deposits be extended by two weeks. *See* Email dated October 24, 2025 from Joseph L. Matalon, Esq. to Arbitrator. In support of the application, Claimant's counsel asserted that Claimant was in the process of applying for a loan to cover expenses associated with her prosecution of the Arbitration but, due to a recent hospitalization, needed the additional time to pay her share of the outstanding deposits. *Id*.

Respondents opposed Claimant's application for an extension, principally on the ground that Claimant had not substantiated that she was in the process of securing a loan. *See* Letter dated October 27, 2025 from Mark W. Fidanza, Esq. to Arbitrator.

In reply, Claimant's counsel advised that Claimant's share of the outstanding deposits were in the process of being paid. *See* Email dated October 27, 2025 from Joseph L. Matalon, Esq. to Arbitrator. The AAA has confirmed that such payment was received on October 27, 2025.

In the absence of a showing by Respondents that they will be prejudiced by the fact that Claimant's payment of her share of the outstanding deposits occurred one business day after the October 24, 2025 deadline imposed by PO 9, I find that such payment constitutes satisfactory compliance with PO 9. Accordingly, I hereby lift the suspension of the Arbitration; provided, however, that any future delays in payment of deposits billed by the AAA will not be tolerated.

In view of the hiatus in the Arbitration resulting from the absence of full payment of the outstanding deposits, I intend to conduct a status conference via Zoom to discuss next steps in the Arbitration. I request that the Parties promptly advise concerning their availability at 10:00 a.m. ET on November 17, 2025 or 10:00 a.m. ET on November 18, 2025 for that status conference.

Dated: October 28, 2025

*Richard H. Silberberg, Arbitrator*